Turley, J.,
delivered the opinion of the court.
The prisoner was convicted of the crime of perjury upon the the testimony of several members of the grand jury, and it is now assigned as cause of error that grand jurors are incompetent witnesses to prove facts deposed to before them.
It is unquestionably true that grand jurors are bound by the-terms of their oath not to disclose what may transpire before them, and if they transgress in this particular they are fine-able; but there can be no doubt that this required secrecy is not intended to secure a guilty witness from punishment for' the crime of perjury if committed, but to secure a correct administration of justice, and to prevent the evidence produced before the grand jury from being counteracted by subornation of perjury on the part of the defendant. It is for reasons of public- policy then, that grand jurors are prohibited from disclosing facts deposed to before them; but if public policy or justice to an individual likely to be injured by the perjury of a witness, requires that it should be done, the courts must have the power of releasing the jurors from the obligation imposed on them by the law, and receiving their testimony, or be the means of working injustice to those under their protection.
It accordingly has been held that when a witness examined on the trial swears directly the reverse of the evidence given before the grand jury, they are at liberty to state this circumstance to the judge, who may direct him to be prosecuted for perjury on the testimony of the grand inquest, 4 Blackstone, 126, n. 4. And can any one doubt that if a wit- *131 aess be swearing away the life or liberty of an individual, and it can be proven by a grand juror that there is a direct and palpable contradiction in his testimony, detailed before the grand jury and petty jury that he shall be heard? Surely not. If then the court have the power, at their discretion, to examine grand jurors as to facts which may have transpired before them, there is an end of the question; — for it being matter of discretion, the exercise of it cannot be assigned for error in a revising tribunal.
It is unquestionably a delicate discretion, and ought not to be exercised except in those cases where it is necessary to a correct administration of justice, either in punishing the guilty or protecting the innocent. But of the propriety of its exercise, the court below must judge, and judge exclusively, for it is impossible in the nature of things for a court of errors to review its decision.
Judgment affirmed.